IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case Nos.: 08-SW-5027-MJW
08-SW-5031-MJW
08-SW-5032-MJW
08-SW-5033-MJW

IN THE MATTER OF THE EXECUTION
OF SEARCH WARRANTS OF:

ONE STANDARD WHITE ENVELOPE
THE RETURN ADDRESS IS LISTED:
Jesse . Rivera, #V-20946, ISP-B-2-143,
PO Box 2199, Blythe, CA 92226.
THE ENVELOPE IS ADDRESSED TO:
Gerardo Lopez, 1247 W. 101st Pl., Northglenn, CO 80260;

ONE WHITE 4 1/8" x 9 3/8" ENVELOPE
THE RETURN ADDRESS IS LISTED:
Alex Lacallo
622 E. 38th Street, Los Angeles, CA 90011
THE ENVELOPE IS ADDRESSED TO:
Gerardo Lopez, 1247 W. 101st Pl., Northglenn, CO 80260;

ONE 4" x 9.5" YELLOW ENVELOPE
THE RETURN ADDRESS IS LISTED:
Salinas Valley State Prison
Damian Sanchez K-67761
Facility C4-121-LOW,
PO Box 1050, Soledad, CA 93960-1050,
THE ENVELOPE IS ADDRESSED TO:
Gerardo Lopez, 1247 W. 101st Pl., Northglenn, CO 80260; and

ONE WHITE 4" X 91/2" ENVELOPE, THE RETURN
ADDRESS IS LISTED: GERARDO LOPEZ,
1247 W. 101ST PL, NORTHGLENN, CO 80260.
THE ENVELOPE IS ADDRESSED TO:
WILLIAM QUINTERO P46138,
KVSP "D7" #104, PO BOX 5104,
DELANO, CA 93216

(COLLECTIVELY "SUBJECT CORRESPONDENCE")

## ORDER PERMITTING ANOTHER SIXTY DAY DELAY IN SERVICE OR DELIVERY OF A COPY OF SEARCH WARRANTS AND INVENTORIES TO SENDERS OR RECIPIENTS OF SUBJECT CORRESPONDENCE SEARCHED PURSUANT TO WARRANTS

THE COURT has reviewed the Government's Motion Filed Pursuant to Title 18 U.S.C. § 3103a(b) and (c) for another Sixty Day Delay in Service or Delivery of a Copy of Search Warrants and Inventories to Senders or Recipients of Subject Correspondence Searched Pursuant to Warrants. The Court has the inherent power to fashion orders consistent with the Fourth Amendment to further law enforcement purposes served by Fed.R.Crim.P. 41. "[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Title 28 U.S.C. § 1651(a). *See Dalia v. United States*, 441 U.S. 238, at 254 n. 16. (1979).

Title 18 U.S.C. § 3103a(b) and (c), provide that this Court may order delay of the notification of the execution of the search warrant for a period not to exceed thirty days or "a later date certain if the facts of the case justify a longer period of delay," § 3103a(b)(3), where there is reasonable cause to believe that providing immediate notification may have an adverse effect (such as the removal or destruction of evidence, flight from prosecution, or otherwise jeopardizing an investigation) upon an underlying investigation. Such period of delay may thereafter be extended by the court for good cause shown for "periods of 90 days or less, unless the facts of the case justify a longer period of delay." Further, § 3103a provides that the Court

may authorize the seizure of tangible evidence during the execution of the search warrant if the Court finds reasonable necessity for such seizures of tangible evidence.

The Court is advised that copies of the property which was searched is presently within the State and District of Colorado; the original correspondence was allowed to reach its intended recipient after each of the searches. Federal Rule of Criminal Procedure 41(b)(2) provides as follows:

> [A] magistrate judge with authority in the district has authority to issue a warrant for a person or property outside the district if the person or property is located within the district when the warrant is issued but might move or be moved outside the district before the warrant is executed . . .

The Court has reviewed the motion for continued delayed notice and authorization to continue seizure of tangible evidence, the search warrant applications, and the affidavits submitted in support of the application for search warrants. Being now sufficiently advised in the premises, the Court finds and concludes as follows:

An ongoing federal investigation is being conducted. Investigators believe targets of said investigation to be associated with the evidence which was being sought by the applications for search warrants. The related investigation is not likely to terminate within the next sixty days. Public knowledge of the existence of the federal search warrants would be likely to alert the targets of the investigation to the fact that the targets are the subject of federal law enforcement attention. Premature disclosure of the existence and execution of the federal search warrants could impede the investigation, apprehension and prosecution of persons acting in violation of the laws of the United States. Similarly, failing to seize contraband, fruits of crime, instrumentalities of crime, or things criminally possessed (to include items such as large amounts

of currency, records, firearms, and narcotics) found during the execution of the search warrant could have resulted in the removal, concealment, destruction, or disposition of such items in furtherance of violations of the laws of the United States, including Title 21 U.S.C. §§ 841(a)(1) and 846.

The Court finds and concludes that there is reasonable cause to believe that providing notification at this time of the existence and execution of the federal search warrants may have an adverse result (as defined in Title 18 U.S.C. § 2705(a)(2)) on the investigation, and that there is reasonable necessity for investigators to seize any tangible property representing evidence of crime, fruits of crime, or a tangible thing criminally possessed at the time of the execution of the within search warrant as required by the terms of Title 18 U.S.C. § 3103a(b) and (c). See *Dalia v. United States*, 441 U.S. 238, 247-248 (1979).

Under the circumstances, including the facts related in the affidavits submitted in support of the applications for the search warrants, it was necessary for Special Agents and Special Federal Officers responsible for the supervision and direction of the state or federal officers who ultimately executed the searches to have done so without contemporaneously providing a copy of the search warrants and inventories to the senders or recipients of the subject correspondence searched or whose property was seized pursuant to warrants, and that the same necessity still exists.

Therefore, pursuant to Title 28 U.S.C. § 1651 and Title 18 U.S.C. § 3103a(b) and (c), the Court hereby orders that the Government shall delay for up to sixty additional days, measured from June 28, 2008, providing a copy of the search warrants and inventories to the senders or recipients of the subject correspondence searched in this matter. In the event the Government

determines that an extension of the delay permitted by this order is necessary to further the interests of justice, the Government may file a subsequent motion for an additional enlargement of the time of delay pursuant to 18 U.S.C. § 3103a(c).

Further, the Court orders that this order, all related Government motions, the search warrant applications, supporting affidavits, and search warrants shall be sealed for sixty days or until further order of this Court, save and except for copies of said papers to be used for official purposes only by members of the staff of the Court, members of the staff of the United States Attorney, Special Agents, Special Federal Officers, and officers and agents assisting said Special Agents, Special Federal Officers, and Government Attorneys in the performance of their official duties.

Signed and entered this 23rd day of June, 2008, at Denver, Colorado. At 9:52 AM

BY THE COURT:

UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO